1  Christopher M. McDermott (SBN 253411)
   cmcdermott@piteduncan.com
2  Matthew R. Clark (SBN 271054)
   mclark@piteduncan.com
3  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7717
   Facsimile: (619) 590-1385
6
7  Attorneys for DEUTSCHE BANK
   NATIONAL TRUST COMPANY AS
   TRUSTEE FOR WAMU MORTGAGE
8  PASS-THROUGH CERTIFICATE SERIES
   2005-AR1

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA –SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>ROBERT LAWRENCE HUGHES,<br><br>Debtor. | Case No. 11-32611<br><br>Chapter 11<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY**:<br>623 UPLAND ROAD<br>REDWOOD CITY, CALIFORNIA 94062<br><br>**HEARING:**<br>Date: September 5, 2012<br>Time: 9:30 a.m.<br>Ctrm:<br>Honorable Dennis Montali |

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-AR1[1] ("Creditor"), secured creditor of the above-entitled Debtor, Robert Lawrence Hughes ("Debtor") hereby submits its Objection to Confirmation of the Debtor's Chapter 11 Plan of Reorganization ("Objection"). The basis of the Objection is stated below:

---

[1] This Objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -  CASE NO. 11-32611
**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION**

## I.

## STATEMENT OF FACTS[2]

*Creditor's Claim:*

On July 7, 2012, Debtor executed an Adjustable Rate Note in the principal sum of $655,000.00 (the "Note"), which was made payable to Washington Mutual Bank, FA ("WAMU"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 623 Upland Road, Redwood City, California 94062 ("Subject Property").[3] The Deed of Trust reflects that it was duly recorded. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

On or about September 25, 2008, WAMU was closed by the Office of Thrift Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC as receiver of WAMU and JPMorgan Chase Bank, National Association ("Chase") dated September 25, 2008, Chase acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, Chase became the owner of the loans and loan commitments of WAMU.

Thereafter, the beneficial interest under the Deed of Trust was assigned to Creditor.

Chase is currently servicing the Subject Loan on Creditor's behalf.

/././

/././

---

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case.

[3] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

*The Bankruptcy Proceedings:*

On July 15, 2011, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California – San Francisco Division and was assigned bankruptcy case number 11-32611.

On October 26, 2011, Creditor filed a Proof of Claim reflecting a secured claim in the amount of $685,940.73 with pre-petition arrears in the amount of $69,880.42.

Most recently, on July 20, 2012, Debtor filed Combined Plan of Reorganization and Approved Disclosure Statement ("Amended Plan"). The Debtors' Amended Plan seeks to pay the arrears on Chase claim in full within (60) months in equal monthly payments. Further, the Amended Plan indicates the Debtor will sell the Subject Property on or before June 30, 2012, to payoff secured creditors from the proceeds of the sale with the remaining proceeds to make payments to the general unsecured creditors. However, the Amended Plan also provides that Class 1A creditor, JPMorgan Chase Bank, National Association's claim shall remain unchanged with respect to its security interest in the Subject Property. Further, the confirmation order will constitute an order for relief from stay.

## II.

## LIMITED OBJECTION

### A. THE DEBTOR HAS FAILED TO DEMONSTRATE THAT THE CHAPTER 11 PLAN IS FEASIBLE

Pursuant to 11 U.S.C. §1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the debtor...." The widely accepted application of this section as stated within the Second Circuit decision of Chase Manhattan Mortgage and Realty Trust v. Bergman (In re Bergman), 585 F.2d, 1171, 1179 (2nd Cir. 1978), wherein the Court stated:

Under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honest, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

The Ninth Circuit is consistent in determining whether a Plan meets the requirements of Section 1129(a)(11), wherein it stated, "the bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985). To establish feasibility, the plan proponent must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. S &P, Inc. v. Pfeifer, 189 B.R. 173, 183 (N.D. 1995) (quoting In re SM 104 Ltd., 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993)).

As previously discussed, the Debtors' Amended Plan states the Debtor will sell the Subject Property on or before June 30, 2012. The feasibility of the Debtor's Amended Plan depends, in part, on the fair market value of the Subject Property. Based on the foregoing, Creditor requests that the court continue the confirmation hearing to provide Creditor with an opportunity to obtain a verified appraisal of the Subject Property and to discuss potential marketing strategies with Debtor's counsel.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Amended Plan be denied; and

2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 28, 2012   /s/ Matthew R. Clark (CA SBN 271054)
MATTHEW CLARK
Attorneys for Creditor