CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, SBN 122223
KARI S. BOWYER, SBN 257033
440 North First St., Ste 100
San Jose, California 95112
(408) 295-9555
(408) 295-6606

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 11-32611 |
| ROBERT LAWRENCE HUGHES, | CHAPTER 11 |
| Debtor. | DATE: September 5, 2012<br>TIME: 9:30 a.m.<br>JUDGE: Hon. Dennis Montali |

## STATEMENT IN SUPPORT OF PLAN CONFIRMATION

ROBERT LAWRENCE HUGHES, Debtor-In-Possession herein, hereby submits his Plan Confirmation Statement, and respectfully represents:

COMPLIANCE WITH CODE REQUIREMENTS

Generally, Debtor's Plan provides that the senior mortgage holder Deutsche Bank National Trust Company as trustee c/o JPMorgan Chase Bank (the "Bank"and/or "Chase") will be timely paid its going-forward contractual payments and accrued arrearage from post petition wages, and contributions from family members and friends. The remaining balance of the loan

will be paid in full with the sale of Debtor's real property. In addition, the Plan accords the Bank the full benefit of its contractual rights by continuing the Bank's lien on the real property, and according the Bank its full rights of recourse against Debtor's real property in the event the Debtor defaults under the provisions of the Plan. All creditors except the Bank have affirmatively accepted Debtor's Plan.

      A.     <u>The Plan Meets the Requirements for Confirmation</u>

As set forth below, Debtor's Plan fully complies with the provisions of 11 USC 1129:

<u>1129(a)(1)</u>: The Plan complies with applicable provisions of Title 11 in that it properly designates classes and interests, it specifies both impaired and unimpaired classes, it provides for identical treatment for all similarly situated claims, it provides an adequate means for its execution, it does not allow issuance of non-voting shares, it provides for proper retention of agents for the Debtor, it provides for rejection of executory contracts, and it provides for appropriate claims resolution mechanisms.

<u>1129(a)(2)</u>: The Plan proponent has taken no actions in this case which are contrary to provisions of Title 11.

<u>1129(a)(3)</u>: The Plan has been proposed in good faith and not for any purpose contrary to provisions of Title 11.

<u>1129(a)(4)</u>: The Plan discloses all payments to be made incident to the case in connection with services in the case, consisting exclusively of payments to Debtor's counsel, which are subject to approval by the Bankruptcy Court.

<u>1129(a)(5)</u>: The Plan discloses that Debtor will remain as executor for the Plan.

<u>1129(a)(6)</u>: Insofar as no regulatory rate changes are required in connection with confirmation of Debtor's Plan, this provision is not applicable to said Plan.

<u>1129(a)(7)</u>: With respect to each impaired class of claims or interests, ballots filed in

connection with confirmation of the Debtor's Plan will demonstrate that each such class has either accepted the Plan, or that such non-accepting class will retain or receive at least as much under the Plan as such class would have received upon the debtor's liquidation. Specifically, said ballots will show that <u>*all classes*</u>, *other than mortgage holder Chase in Class 1C*, <u>*have affirmatively accepted the Plan*</u>. For its part, the Bank will retain all of its lien rights and default remedies under the Plan and will be entitled to all proceeds of the subject real property upon any subsequent default and foreclosure, and therefore will clearly retain precisely those liquidation rights under the Plan to which it is presently entitled.

<u>1129(a)(8)</u>: Pursuant to this provision, each impaired class of claims or interests must either be unimpaired or must accept the Plan, unless the Plan can be confirmed without such class acceptance under provisions of 11 USC sec. 1129(b). Since all classes other than Class 1c have affirmatively accepted the Plan, cramdown is sought only with respect to Class 1c. As described more fully below, the Class 1c claimant will retain all of its lien rights and default remedies under the Plan and will receive deferred cash payments totaling at least the allowed amount of its claim, therefore said claimant will clearly realize the full present value of its claim under the Plan.

<u>1129(a)(9)</u>: Pursuant to this provision, each administrative claimant is to be paid in full upon confirmation. To the best of Debtor's knowledge, such administrative claims consist exclusively of payments to Debtor's counsel, which are subject to subsequent approval by the Bankruptcy Court, and provisions have been made for their payment after confirmation.

<u>1129(a)(10)</u>: Pursuant to this provision, at least one impaired class of claims must accept the Plan. As set forth above, <u>*all classes, except Class 1c, have accepted the Plan*</u>.

<u>1129(a)(11)</u>: Pursuant to this provision, the Plan must provide some degree of confidence that its will not be followed by further need for reorganization or liquidation, unless

such liquidation or reorganization is proposed in the Plan. Debtor's Plan does in fact provide liquidating an asset with a substantial amount of equity in order to pay creditors. The Plan also provides that if Debtor should fail to meet his on-going payments obligations to his mortgage holders, they may proceed with default and/or foreclosure remedies as allowed under terms of their promissory notes, deeds of trust and under state law. Consequently, any further liquidation which might result from Debtor's failure or inability to meet its financial commitments under its Plan are addressed within the scope of the Plan.

In its opposition to confirmation the Bank has argued the Plan is not feasible insofar as the Bank has not ascertained the value of Debtor's property. The Bank makes no allegations that the value of Debtor's real property is less than the amount listed in the Debtor's schedules or in Debtor's Plan. Debtor will testify the value of the real property is at least $1.4 million and the value of the property has increased since the initial bankruptcy filing by over $100,000.00.[1] If Debtor's reasonable valuation is incorrect, the value of the residence still exceeds the Bank's loan and the Bank has retained its foreclosure rights.

1129(a)(12): Pursuant to this provision, provisions must be made for payment of UST fees upon the Effective Date. All such fees can and will be paid on or before that date.

1129(a)(13): Insofar as Debtor has no retiree benefits obligations, this provision is not applicable under the Plan.

Based upon the foregoing analysis, the Debtor submits he has met the statutory requirements for confirmation of its Plan.

    B.    <u>The Plan Meets the 1129(b) Cramdown Requirements</u>

---

[1] Pursuant to Rules 201(b) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Debtor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in this case.

As set forth in 11 USC.1129(b), if all statutory requirements for confirmation of a plan are met other than 11 USC 1129(a)(8), the court may confirm the Plan nonetheless if the Plan does not discriminate unfairly, and is fair and equitable with respect to each impaired class which has not accepted the Plan. Per 11 USC 1129(b)(2)(A)(1), a plan is fair and equitable with respect to a class of secured claims if the plan provides:

    (i)    (I)    that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

        (II)    that each such holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

    (ii)    for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or

    (iii)    for the realization by such holders of the indubitable equivalent of such claims.

As set forth below, Debtor's Plan fully complies with the provisions of 11 USC 1129(b)(2)(A).

With respect to subelement (i), Debtor's Plan provides (I) that the Class 1c claimant will retain its senior lien securing its claim, pending completion of all contractual payments in accordance with its legal and contractual rights as provided for in its contract with Debtor. Additionally, Debtor's Plan provides (II) that the Class 1c Claimant will receive on account of such claim continuing cash payments for the amount of all accruing contractual interest on its claim, plus principal reduction as provided in the promissory note. These continuing payments will ultimately pay to the Class 1c Claimant the full amount of the obligation due.

With respect to subelement (ii), Debtor's Plan provides that upon any sale of the real property, which sale would be free of the Class 1c Claimant's lien, such lien would be satisfied

by a direct distribution from the real property sale escrow. Additionally, as stated above, the Class 1c Claimant will receive on account of such claim continuing cash payments on its claim.

Finally, with respect to subelement (iii), Debtor believes that the foregoing payment arrangement will ultimately provide the Class 1c Claimant with the indubitable equivalent of its secured claim and lien rights, namely payment in full.

Although only one subelement of 11 U.S.C. 1129(b)(2)(A) must be satisfied in order to allow the court's confirmation of Debtor's Plan, all three are satisfied under this Plan.

## CONCLUSION

For the foregoing reasons, Debtor believes that confirmation of the Plan is appropriate.


DATED:   August 31, 2012              CAMPEAU GOODSELL SMITH


                                      By:  /s/: *Kari S. Bowyer*
                                           Kari S. Bowyer
                                           Attorney for Debtor